Cooke, J.
Defendant, 17, was charged with criminal possession of a dangerous drug in the sixth degree (Penal Law, former § 220.05; L 1969, ch 788) alleged to have been committed at or about 3:06 a.m. on July 15, 1973. Thereafter, during the early hours of said morning, defendant was arraigned, waived her right to counsel, pled guilty to the charge, and was adjudged a youthful offender.
Previously, because of the insufficiency of the record, this case was remitted to the Town Court of the Town of Livingston, Columbia County, for further proceedings (37 NY2d 880).
At a hearing conducted subsequent to remittal, the Town Justice, when asked if he explained to defendant the consequences of a guilty plea, stated: "I told her that being adjudicated a youthful offender which is something from the age of 16 to 19 which left no scar on the record.” When inquiry was made as to whether defendant was asked if she understood the consequences of a guilty plea, the Justice responded "I actually can’t recall whether she did or did not” and later related "I felt that the girl was mature enough to understand what was going on even though it was early in the morning.” The Justice also testified: "There were four in the vehicle and I don’t know which one had the marijuana or whether they all had the marijuana. All I know is that there was marijuana which the deputy brought in. According to the ruling that any person in the vehicle can be charged with possession whether found on them or it isn’t found on them.” It was further stated that this was discussed before all four of those charged, of whom defendant was one.
When a defendant waives his right to counsel and pleads *597 guilty, there should be a painstaking effort by the trial court to make sure that the accused understands the consequences of the waiver and plea and that defendant committed an act which constituted a crime and which would furnish a basis for the plea (People v Seaton, 19 NY2d 404, 406-407; see Boykin v Alabama, 395 US 238, 243-244; Westbrook v Arizona, 384 US 150; Johnson v Zerbst, 304 US 458, 465; Pitler, New York Criminal Practice Under the CPL [1972], p 452; cf. People v Francis, 38 NY2d 150, 154). The record before us reveals that defendant was inadequately, if not incorrectly, advised of the plea consequences since it could not be said accurately that the youthful offender adjudication resulted in no blemish on defendant’s record (see CPL 720.35, as amd by L 1972, ch 399, § 24, eff Sept. 1, 1972; see, also, 1975 Opns Atty Gen 122). Furthermore, there is no showing that defendant understood or was aware of the possible defenses available to her since the extent and nature of the presumption of section 220.25 of the Penal Law, then in force, was, if discussed at all, presented incompletely and in a misleading fashion (see People v Seaton, supra, p 407).
In passing, since there were discussions of youthful offender treatment prior to the plea, we note that the determination as to whether an eligible youth is to be treated as a youthful offender is to be made after conviction, after receipt of a written report of presentence investigation and at the time of pronouncing sentence (CPL 720.20; see L 1971, ch 981, eff Sept. 1, 1971; People v Billups, 47 AD2d 869; Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 720, p 316; Pitler, New York Criminal Practice Under the CPL [1972], p 379; but see CPL 720.20, subd 1, par [b]). Obviously, such proper procedure was not followed here.
The order of the County Court of Columbia County should be reversed, the judgment of conviction and plea of guilty vacated and the case remitted for further proceedings on the information.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, judgment of conviction and plea of guilty vacated and the case remitted to the Town Court of the Town of Livingston for further proceedings on the information.