■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BULLARD, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered July 11, 1980 upon resentence, convicting him of burglary in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. After sentencing defendant in accordance with a plea bargain to a term of 4 to 8 years to run concurrently with a previously imposed term of 5 to 15 years, the court was informed by the Department of Corrections that because of his prior felony offender status defendant could not be legally sentenced to a term to run concurrently with any prior undischarged term. The court offered the defendant the opportunity to withdraw his guilty plea, but upon his refusal to do so, the court sentenced him to the mandatory minimum sentence, to wit: three to six years, to run consecutive to the prior undischarged term. Defendant has appealed, arguing that he is entitled to the benefit of his plea bargain, inasmuch as he has already served some 16 months of his sentence of incarceration. Defendant's argument lacks merit. As the Court of Appeals stated in *People v Selikoff* (35 NY2d 227, 238, cert den 419 US 1122): "A Judge may not ignore those provisions of law designed to assure that an appropriate sentence is imposed (cf. *People v. Lopez*, 28 N Y 2d 148, 151). Thus, any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources." Here, defendant's original sentence was not lawfully imposed as the court lacked power to sentence him to concurrent terms. In a similar vein, in *People v Campbell* (35 NY2d 227, 241) where a prosecutor had promised the defendant that he would permit him to withdraw his plea should the court impose a higher sentence, the Court of Appeals noted that "The prosecutor, without authority, promised that which he could not legally perform and the defendant, therefore, could not, as a matter of law, rely on that promise." The same rationale holds true here. Defendant cannot rely on a promise by the court to impose a sentence which it could not lawfully impose. We note further that defendant here was given the opportunity to withdraw his plea and stand trial. Unlike the situation in *People v McConnell* (49 NY2d 340), defendant here has not performed additional services for the prosecutor at considerable personal risk or sacrifice, such as testifying for the State against his former accomplices and codefendants. Thus, the offer to withdraw the plea was sufficient. Defendant chose not to do so and the court imposed the minimum sentence permitted by law. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.