■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT COLLAZOS RAMIREZ, Also Known as HERBERT ANTONIO COLLAZOS RAMIREZ, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered July 14, 1987, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the second degree and attempted criminal possession of a weapon in the third degree and sentencing defendant to concurrent indeterminate terms of imprisonment of from six years to life and a definite prison term of one year, respectively, unanimously affirmed.

The defendant did not move to withdraw his plea before the imposition of sentence and, therefore, has not preserved for appellate review his challenge to the sufficiency of the plea allocution *(People v Pellegrino,* 60 NY2d 636 [1983]). The

defendant contends that his plea allocution was incomplete since the court failed to elicit an adequate factual basis for the plea, did not inquire into the voluntariness of the plea, and failed to advise defendant he was foregoing his right to have his guilt proved beyond a reasonable doubt at a trial at which he would be afforded the presumption of innocence.

The record indicates, however, that the defendant knowingly and voluntarily entered his guilty plea. *(Boykin v Alabama,* 395 US 238, 242 [1969].) It is well established that there is no uniform mandatory catechism which the court must elicit to render a defendant's plea appropriate. *(People v Nixon,* 21 NY2d 338, 353 [1967].)* Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.