OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On March 17, 1993 defendant pleaded guilty to burglary in the second degree. He admitted that on June 21, 1991, he entered a dwelling without permission while the occupant was sleeping and removed a CD (compact disc) player and a pocketbook. At the time of the plea, defendant responded affirmatively to the court’s question as to whether he understood "that you are pleading guilty to a C felony and the law gives me the power to impose a sentence of up to 15 years”. On April 9,1993, the defendant was sentenced to an indeterminate term of 3Va years to 7 years in prison. On April 16, 1993, the court, sua sponte, resentenced the defendant to 31/2 to 101/2 years in prison, noting that it had incorrectly sentenced defendant as a predicate rather than as a first felony offender. The Appellate Division affirmed following a motion for an amended sentence.
Here, the trial court had the inherent power to correct an illegal sentence (see, People v Minaya, 54 NY2d 360, cert denied 455 US 1024). Defendant’s claim of double jeopardy must also be rejected. That claim would be colorable only if the defendant’s sentence had been increased beyond his legitimate expectations of what the final sentence should be. In view of the court’s statement during the plea proceedings that the defendant could receive up to 15 years in prison, there could be no expectation of finality on his part with respect to the lesser and illegal sentence (People v Minaya, 54 NY2d, at 365, supra; United States v DiFrancesco, 449 US 117, 139).
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
*1016 Order affirmed in a memorandum.