OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On October 25, 1995 defendant pleaded guilty to robbery in the third degree, and on November 17, 1995, based upon his plea, the trial court sentenced defendant to two to four years in prison, to run concurrently with an undischarged portion of an earlier sentence. By letter dated January 5, 1996, however, the Department of Correctional Services notified the trial court that Penal Law § 70.25 (2-a) required that defendant’s sentence run consecutively with his prior sentence. The court, on its own motion, calendared the case for resentencing.
 

 At resentencing defense counsel stated that defendant wanted neither to withdraw his plea nor to be resentenced. Over defendant’s objection, however, the court resentenced defendant to a consecutive term. On defendant’s appeal, the Appellate Division affirmed the resentencing, as do we, but for different reasons.
 

 Defendant rests his entire appeal on the legality of the sentence and argues that the trial court had no authority to vacate his sentence and impose a consecutive term because there was no “clerical-type” error in the original sentence and all parties had agreed to the original disposition. We conclude that the trial court had inherent power to correct the illegal sentence it initially imposed.
 

 In
 
 People v Williams
 
 (87 NY2d 1014, 1015), this Court held that “the trial court had the inherent power to correct an ille
 
 *872
 
 gal sentence” over the defendant’s objection where the corrected sentence fell within the range initially stated by the court
 
 {id.,
 
 at 1015, citing
 
 People v Minaya,
 
 54 NY2d 360,
 
 cert denied
 
 455 US 1024). There, the defendant pleaded guilty to burglary in the second degree and, at the time of the plea, was told by the court that he could be sentenced to up to 15 years’ imprisonment. He was originally sentenced as if he were a predicate felon to 3V2 to 7 years’ imprisonment, a sentence that was illegal due to his actual status as a first felony offender. On its own motion, the court corrected its error and resentenced the defendant to 3V2 to IOV2 years in prison, a sentence well within the defendant’s bargained-for expectation.
 

 Here, however, there is a factor not present in
 
 Williams,
 
 namely that in order to correct the sentence to comply with the requirements of Penal Law § 70.25 (2-a), the court would have to impose a more severe sentence than the sentence originally promised. In
 
 People v Selikoff
 
 (35 NY2d 227, 239), this Court held that if a court made a sentencing promise to a defendant and was unable to fulfill it, the defendant had a right to withdraw the guilty plea and to be restored to pre-plea status. Defendant here did not seek to withdraw his guilty plea and did not demonstrate on the record before us that he detrimentally relied on the illegal sentence in a way that could not be rectified by restoring him to his pre-plea status if he so desired. Finally, this case is distinguishable from
 
 Matter of Campbell v Pesce
 
 (60 NY2d 165) where we held that a court which had reduced a felony charge to a misdemeanor in violation of law could not vacate the misdemeanor conviction and reinstate the felony charge after the defendant’s sentence had begun.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.