*386 Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered September 12, 2000, convicting him of the use of a child in a sexual performance and endangering the welfare of a child, upon his plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed November 20, 2000.
Ordered that the judgment and resentence are affirmed.
The defendant argues that his conviction must be reversed because his plea allocution to the crime of use of a child in a sexual performance was insufficient. The defendant did not move to withdraw the plea on this ground prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10. Therefore, he has not preserved for appellate review the issue of the sufficiency of the plea allocution (see People v Mackey, 77 NY2d 846 [1991]; People v Brown, 242 AD2d 337 [1997]; People v Moyd, 193 AD2d 763 [1993]). In any event, the defendant’s recital of the circumstances of the commission of the crime sufficiently established the elements of use of a child in a sexual performance (see Penal Law § 263.05; People v Horner, 300 AD2d 841 [2002]; United States v Dost, 636 F Supp 828 [1986], affd 813 F2d 1231 [1987]).
Furthermore, the County Court had the inherent power to resentence the defendant to correct the illegal sentence it had previously imposed (see People v DeValle, 94 NY2d 870, 871-872 [2000]). In view of the court’s statement during the original sentencing that the defendant faced a minimum of 5 years and a maximum of 15 years, the defendant’s resentence to SVa to 11 years fell well within his bargained-for expectation (see People v Williams, 87 NY2d 1014, 1015 [1996]).
The defendant’s remaining contentions are without merit. Altman, J.P, Smith, Friedmann and Crane, JJ., concur.