■ The People of the State of New York, Respondent, v Angel Aleman, Appellant. [842 NYS2d 14]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered December 13, 2005, convicting defendant, upon his guilty plea, of conspiracy in the second degree and sentencing him to a term of 1²/₃ to 5 years, unanimously reversed, on the law and the facts, the guilty plea and conviction vacated and the matter remanded for further proceedings.

Defendant was charged with five conspiracy and solicitation counts arising out of his alleged plan to have Nellie Martinez killed because, after a 2¹/₂-year acquaintanceship, she spurned his advances. During jury selection, defendant pleaded guilty to one count of conspiracy in the second degree in full satisfaction of the indictment in exchange for a promised sentence of 1²/₃ to 5 years. As part of the plea negotiation, he agreed to waive his right to appeal. On appeal, defendant correctly asserts that his guilty plea should be vacated on the ground that it was not knowingly, intelligently and voluntarily undertaken, and that in any event, the court failed to inform him adequately of the rights he was forfeiting by pleading guilty.

Despite defendant's numerous assertions of innocence and various instances of refusal to admit crucial facts when asked, the court relentlessly pursued its efforts to obtain a guilty plea, ultimately succeeding in having defendant admit, by answering "yes," that he gave $100 to an undercover officer for the purpose of having the undercover kill Martinez. On no less than three occasions, defense counsel, frustrated at defendant's adamant refusal to admit anything of an inculpatory nature, asked that the matter proceed to trial. On the last occasion, counsel stated, "Judge, you can't take this plea . . . . Every time you ask him a question, his first response is, 'No, I didn't do it' or 'No, I didn't give the money.' It's my opinion that he's claiming he didn't do this. If he didn't do this, then we have to go to trial."

Although defendant never moved to withdraw his guilty plea, this plea colloquy falls within the exception carved out by the Court of Appeals in *People v Lopez* (71 NY2d 662, 666 [1988]), which allows appellate review of the sufficiency of a plea allocution despite the absence of such a motion, where the recitation

of facts elicited during the plea allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea." Under such circumstances, if the court fails to conduct such an inquiry, an appellate court is not precluded from vacating the plea on direct appeal (*id.*). Defendant's statements throughout the plea proceeding called his guilt into question and suggested he was not pleading guilty voluntarily, but rather out of necessity. His statement that he was "not exactly guilty" and that he was accepting the plea because he was "not going to spend ten years in jail when I'm innocent" suggested his reluctance to admit guilt. At another point, defendant denied any criminal activity at the crime location, stating he was there to purchase a car. In none of these instances did the court conduct any inquiry other than to reiterate the point that without an admission of guilt there could be no plea. Reviewing the plea proceeding as a whole, it is clear that the court failed to exercise the diligence required to assure that the plea was knowing, intelligent and voluntary.

In any event, aside from the deficient factual allocution, the guilty plea was not knowing and voluntary. With the exception of advising defendant that he had the right to a jury trial if he did not want to plead guilty and that he was waiving the right to appeal, the court failed to inform him, a 27 year old with no prior criminal history, of any of the rights he was waiving by his plea of guilty (*see People v Colon*, 42 AD3d 411 [2007]). While it is "well established that there is no uniform mandatory catechism which the court must elicit to render a defendant's plea appropriate" (*People v Ramirez*, 159 AD2d 392, 393 [1990], *lv denied* 76 NY2d 863 [1990]), "[a] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (*People v Ford*, 86 NY2d 397, 402-403 [1995]). As this Court has explained, "the court must advise the defendant, inter alia, of the constitutional rights he would be waiving by pleading guilty" (*People v Bracey*, 24 AD3d 363, 364 [2005]); there must be a showing in the record that the defendant "intelligently and understandingly rejected [his constitutional rights]" (*People v Harris*, 61 NY2d 9, 17 [1983], quoting *Carnley v Cochran*, 369 US 506, 516 [1962]). Since the court failed to inform defendant of single right he was waiving, the record fails to reflect that defendant's plea was entered knowingly and intelligently.

Inasmuch as the guilty plea was improperly entered, the question of the validity of the waiver of appeal becomes academic.

Nevertheless, were we to reach the issue, we would find the waiver to be defective as well. There was no explanation whatsoever regarding the waiver. As the sentencing minutes make clear, defendant had no understanding of its import. His only statement at sentence was his announced plan to change attorneys and appeal. Concur—Mazzarelli, J.P., Sullivan, Buckley, Sweeny and Catterson, JJ.