OPINION OF THE COURT
Richard Lee Price, J.
On November 27, 2001, petitioner pleaded guilty to robbery in the first degree. On December 13, 2001, this court sentenced him to a determinate term of six years’ imprisonment. Thereafter, a five-year period of postrelease supervision (PRS) was administratively added to his sentence by the Department of Correctional Services (DOCS). After his release from custody, petitioner was arrested and incarcerated for alleged violations of the conditions governing his PRS. On June 16, 2008, this court resentenced petitioner by adding a 2[1]/2-year term of PRS nunc pro tune to his sentence. On June 20, 2008, petitioner, through his legal aid attorney, made the instant application seeking the following relief: (1) immediate release from custody; and (2) reargument of the court’s decision to resentence him on June 16, 2008. On July 29, 2008, this court sustained the writ, ordered petitioner released from custody and vacated the administratively imposed PRS term and the parole violation. This court held in abeyance petitioner’s application for reargument of the court’s decision to resentence him. (See July 29, 2008 decision and order.)
Findings of Fact
On November 27, 2001, petitioner pleaded guilty to robbery in the first degree in full satisfaction of indictment No. 2136/01 in exchange for a promise of six years’ imprisonment. At the plea, the court informed petitioner that he would be subject to a five-year period of PRS. On December 13, 2001, the court sentenced petitioner to a determinate term of six years’ imprisonment in accordance with the negotiated plea. No period of PRS was pronounced at sentencing or set forth on the commitment sheet. After sentencing, DOCS administratively added a five-year period of PRS to petitioner’s sentence. Petitioner served the term of imprisonment imposed by the court and was released from custody on or about March 12, 2007.
On April 10, 2008, petitioner was arrested and incarcerated under warrant No. 577062 for alleged violations of the conditions of his PRS. On April 17, 2008, the Legal Aid Society was assigned to represent petitioner at revocation proceedings commenced against him by respondent Division of Parole (Division).
*778 By letter dated June 2, 2008, Division requested that the court resentence petitioner on his first degree robbery conviction under indictment No. 2136/01 by adding a period of PRS to the sentence previously imposed, in accordance with the Court of Appeals determination in People v Sparber (10 NY3d 457 [2008]). Division did not send a copy of this letter to the Legal Aid Society.
On June 16, 2008,[1] petitioner was produced by the Bronx County District Attorney’s Office for resentencing before this court. Although the assigned attorney who represented petitioner at plea and sentence appeared at resentencing, no one from the Legal Aid Society was present for the proceeding. This court resentenced petitioner by adding a period of years of PRS to his sentence. The legal aid attorney did not learn that petitioner had been brought to the Bronx County Supreme Court for resentencing until the following day.
On June 20, 2008, petitioner, represented by the Legal Aid Society, filed an affirmation in support of writ of habeas corpus[2] and reargument of resentencing decision, arguing, in pertinent part: this court lacked jurisdiction to resentence petitioner because he had completed his determinate six-year sentence; and resentencing violated his reasonable expectation of finality, his due process right and the prohibition against double jeopardy under the federal and state constitutions. (US Const Amends V, XIV; NY Const, art I, § 6.) On July 29, 2008, the People filed an affirmation in opposition to reargument of resentencing decision arguing that the court retains jurisdiction to correct an illegal sentence and that due process and double jeopardy are not violated by resentencing petitioner. In any event, respondent argues, petitioner waived these arguments by not objecting to resentencing. Petitioner submitted a reply dated August 18, 2008.
Conclusions of Law
Respondent argues that Penal Law § 70.45 required the imposition of a period of PRS in addition to the six-year determinate sentence; because the court failed to impose a term of PRS, the sentence was illegal and the court correctly resentenced petitioner according to the mandates of the Court *779 of Appeals decisions of Sparber (supra) and Matter of Garner v New York State Dept, of Correctional Servs. (10 NY3d 358 [2008]).[3] Petitioner does not contest that a period of PRS should have been imposed originally; rather, he argues that since it was not imposed at sentence, the sentence cannot, over a full year after the completion of the imposed sentence, be modified.
Respondent’s interpretation of and reliance on Sparber and Garner is incorrect. In Sparber, the Court of Appeals remanded for resentencing because each of the five defendants was still serving his sentence and was challenging his sentence on direct appeal. The defendant in Garner had completed his imposed sentence; therefore, the Court of Appeals vacated the administratively imposed PRS but — in contrast to Sparber — did not remand for resentencing. The Court of Appeals did, however, comment on the issue of resentencing: “Our holding here is without prejudice to any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in a proper forum.” (Garner at 363 n 4.) Respondent maintains that this conditional language is a mandate from the Court of Appeals for resentencing. This court disagrees. All that is apparent from the conditional language is that the Court of Appeals was not prepared to make a prospective ruling on an issue not before it.[4] Respondent’s reliance on People v DeValle (94 NY2d 870 [2000]) is equally misplaced. While in DeValle, the Court of Appeals held that a court has inherent power to correct an illegal sentence, the defendant in DeValle had just begun serving his sentence when the judge corrected it to conform to the mandates of the Criminal Procedure Law.
The instant matter is parallel to the defendant in Garner and unlike the defendants in Sparber and DeValle: petitioner completed serving his sentence; he waived his right to appeal his sentence and, in any event, the time to appeal his case *780 expired.[5] This court then vacated the illegally imposed period of PRS. Having completed his imposed sentence, petitioner was released back into society. The addition of a 272-year period of PRS would substantially increase petitioner’s sentence and subject him to the possibility of returning to prison if Division found a PRS violation. As the Court of Appeals stated in Garner (at 362-363): “PRS represents a significant punishment component that restricts an individual’s liberty” (citing People v Catu, 4 NY3d 242, 245 [2005]). This court finds, therefore, that it exceeded its authority when it resentenced petitioner to the 272-year period of PRS nunc pro tunc.[6]
This court also finds that it violated petitioner’s constitutional right against double jeopardy and of due process when it resentenced him to 272 years of PRS. The Double Jeopardy Clause of the US Constitution protects against second prosecutions and multiple punishments for the same offense. (North Carolina v Pearce, 395 US 711, 717 [1969].) There is no bright-line period set by statute or case law that indicates when double jeopardy is violated upon resentencing. Instead, the Supreme Court introduced the more amorphous concept of “expectation of finality.” (United States v DiFrancesco, 449 US 117, 139 [1980].) In DiFrancesco, the Supreme Court held that, even though DiFrancesco had completed serving the imposed sentence, double jeopardy was not violated because a federal statute gave the government the right to appeal; therefore, because the government still retained the right to appeal, the defendant could have no expectation of finality. As in DiFrancesco, petitioner has fully served the imposed sentence. In contrast, however, in the case at bar, the time period for appealing expired long ago even discounting petitioner’s waiver of his right to appeal. When the court neglected to impose PRS at sentence even though PRS was mentioned during the plea col *781 loquy, petitioner had every expectation of finality that his sentence was completed upon the serving of his six-year determinate sentence.
While not binding on this court, cases from Ohio dealing with similar postrelease supervision issues are instructive. In Hernandez v Kelly (108 Ohio St 3d 395, 844 NE2d 301 [2006]), just as in the instant matter, the defendant had been illegally placed on postrelease control by an administrative body. In that case, the trial judge had stated incorrectly at the sentencing that the defendant would be placed on postrelease control by the Parole Board for a period up to five years; in fact, his offense warranted a mandatory period of five years, not up to five years. The Ohio Supreme Court struck the administratively imposed postrelease period and held that the sentencing court had no authority to resentence the defendant to postrelease control because the entire sentence had been served. In another Ohio case, the Ohio Supreme Court reached the opposite conclusion, albeit on different facts. In State ex rel. Cruzado v Zaleski (111 Ohio St 3d 353, 856 NE2d 263 [2006]), the Ohio Supreme Court denied the writ and allowed the resentencing to postrelease control to stand because the defendant was advised at both his plea hearing and his sentencing hearing that he would be subject to a mandatory period of postrelease control after he had served his prison sentence, and defendant’s invalid sentence had not yet expired when the judge resentenced him.[7]
Florida appellate courts have similarly held that double jeopardy attaches once a defendant has completed his sentence; as a result, trial courts lose jurisdiction and may not resentence the defendant. (See Sneed v State, 749 So 2d 545, 546 [Fla Dist Ct App 2000] [when a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence]; Maybin v State, 884 So 2d 1174 [Fla Dist Ct App 2004] [once a sentence has already been served, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence]; Willingham v State, 833 So 2d 237 [Fla Dist Ct App 2002] [same].)
*782 New York courts have analyzed double jeopardy claims on the basis of defendants’ legitimate expectations. In People v Williams (87 NY2d 1014 [1996]), the Court of Appeals held that the trial court could resentence the defendant; however, that defendant was resentenced one week after the imposition of the original sentence. Because Williams had been told at his plea that he might receive 15 years’ incarceration, and upon resentence was sentenced to less than 15 years, the sentence was not increased beyond his legitimate expectation, and therefore, his double jeopardy claim failed. (See also People v Minaya, 54 NY2d 360 [1981] [defendant resentenced a few months after imposition of original sentence; sentence changed from three years to eight years which comported with promise of sentence from zero to eight years at plea].)[8]
In petitioner’s case, although petitioner was advised at his plea that a five-year period of PRS would be imposed, in fact, none was imposed. Once PRS was not imposed at sentencing and the imposed sentence fully served, the argument for resentencing based on petitioner’s legitimate expectation loses validity. It has, in a sense, expired. Hence, this court holds that resentencing petitioner after the entire imposed sentence has been served violates the prohibition against double jeopardy. Resentencing after the completion of a sentence also raises due process concerns. An expectation as to the finality of the sentence might implicate fundamental fairness and, in turn, due process. The First Circuit has held that notions of fundamental fairness place some temporal limit on later increases in sentence. (Breest v Helgemoe, 579 F2d 95, 101 [1st Cir 1978], cert denied 439 US 933 [1978].) The First Circuit in Breest averred (at 101): “After a substantial period of time ... it might be fundamentally unfair, and thus violative of due process for a court to alter even an illegal sentence in a way which frustrates a prisoner’s expectations by postponing his parole eligibility or release date far beyond that originally set.” (Ac *783 cord United States v Lundien, 769 F2d 981, 987 [4th Cir 1985].) Indeed, in DeWitt v Ventetoulo (6 F3d 32 [1st Cir 1993]), the First Circuit held that resentencing someone six years sifter his release violated due process. The First Circuit enumerated the following considerations on which a determination of a violation of due process is based:
“In our view, there is no single touchstone for making this judgment, nor any multi-part formula. Rather, drawing on considerations mentioned by cases like Breest and suggested by common sense, we think that attention must be given-our list is not exclusive-to the lapse of time between the mistake and the attempted increase in sentence, to whether or not the defendant contributed to the mistake and the reasonableness of his intervening expectations, to the prejudice worked by a later change, and to the diligence exercised by the state in seeking the change.” (DeWitt at 35.)
In the instant matter, on December 13, 2001, this court sentenced petitioner to a determinate term of six years’ imprisonment. The petitioner was released from custody on or about March 12, 2007. It was not until June 2, 2008 that Division requested that this court resentence petitioner. While the decisions of Garner and Sparber were rendered as recently as April 29, 2008, any diligence on the part of Division to request resentencing is outweighed by the amount of time that has passed since petitioner was originally sentenced and since his release from prison until the request to resentence.
Respondent argues that petitioner had the burden to seek clarification of his sentence by moving to vacate his plea: “The only logical inference to be drawn is that defendant has been aware of the PRS aspect of his sentence for some time, but chose not to pursue any relief pursuant to People v Catu, because ultimately he was satisfied with the case’s disposition.” (Respondent’s opposition at 16.) Sparber (10 NY3d at 466 n 3) makes clear, however, that a defendant who was advised during his plea colloquy that he would be subject to a mandatory period of PRS is not entitled to vacatur of his plea. Therefore, petitioner, in the instant matter, would not be entitled to vacatur of his plea. Moreover, this court notes that the onus does not lie with petitioner to request resentencing; rather, Correction Law § 601-a instructs that, if it becomes apparent that a person was erroneously sentenced, DOCS (or the warden) must contact the district attorney who may, in turn, seek resentence.
*784 Indeed, it was reasonable for petitioner to rely on his original sentence since PRS was not mentioned at sentencing. Furthermore, petitioner, in the 15 months prior to being resentenced, formed new roots in the community only to be yanked back into the system by an illegal, administratively imposed period of PRS. Petitioner would be prejudiced by the imposition of a term of PRS after completing his sentence so long ago. Consideration of the factors taken as a whole leads this court to conclude that resentencing petitioner was fundamentally unfair and violated his due process rights.
It is also clear that this court lacked jurisdiction to resentence petitioner. While a trial court has inherent power to correct an illegal sentence (Williams, supra), this power cannot extend indefinitely. In People v Quinones, (272 AD2d 228 [1st Dept 2000]), the First Department held that the court lost jurisdiction to revoke probation because the probationary period had expired prior to the violation of probation proceeding. Similarly, courts have held that an unreasonable delay in sentencing even in the first instance results in a loss of jurisdiction. (People v Drake, 61 NY2d 359 [1984]; People ex rel. Harty v Fay, 10 NY2d 374 [1961].) A fortiori, this court lacked jurisdiction to resentence petitioner after the completion of the entire sentence.
Finally, respondent argues that petitioner has waived any of the aforementioned arguments by agreeing to be resentenced on June 16, 2008 to an additional term of 21/2 years of PRS. In Menna v New York (423 US 61 [1975]), the Supreme Court held that, by pleading guilty, the defendant did not waive his right to claim that the indictment should have been dismissed on double jeopardy grounds. Indeed, a violation of double jeopardy is so fundamental as to be appealable absent proper preservation in the trial court. (People v Michael, 48 NY2d 1 [1979].) Respondent cites People v Allen (86 NY2d 599 [1995]) for the proposition that a double jeopardy claim can be waived. However, in Allen, the defendant expressly waived his double jeopardy claim; in the instant matter, there was no express waiver.
At resentence, on June 16, 2008, petitioner was represented by his assigned counsel who had represented him originally and who was unaware that petitioner had a writ pending in the Rikers Island part where he was represented by the Legal Aid Society. Moreover, Division, knowing that petitioner had a pending revocation hearing on the same date in the Rikers Island part, did not notify the Legal Aid Society of the resentencing. *785 Therefore, petitioner was represented at the resentencing by an attorney who was unaware of the full picture and could not inform himself, let alone his client, about the ramifications of agreeing to being resentenced. Petitioner did not expressly waive his double jeopardy claim and cannot be deemed to have knowingly and intelligently waived it by simply agreeing to be resentenced given the circumstances.
Because petitioner cannot be deemed to have waived his double jeopardy claim and because his sentence was completed on March 12, 2007, resentencing him violated his reasonable expectation of finality, his due process right and the prohibition against double jeopardy under the federal and state constitutions. The resentence of a 2V2-year period of PRS is, therefore, vacated.

. Petitioner was scheduled to appear at the Hikers Island Judicial Center for a final revocation hearing on June 16, 2008, but did not appear because of his production in Bronx County Supreme Court pursuant to an order by this court.

. The writ portion of the motion was decided on July 29, 2008.

. Correction Law § 601-d establishes the mechanism by which a sentencing court can determine whether resentencing is appropriate for what the statute terms a “designated person.” That law, however, was not in effect on June 16, 2008, when petitioner was resentenced.

. Respondent argues that the conditional language in Garner reflects a lack of knowledge as to that defendant’s posture. Specifically, respondent states, “there is no indication that he, for example, would not wish to withdraw his plea.” (Respondent’s opposition at 6.) However, the Court of Appeals in Garner explicitly states, “Petitioner has not sought to vacate his plea based on that procedural error.” (Garner at 360 n 1, citing CPL 440.10 and People v Catu, 4 NY3d 242 [2005].)

. Respondent cites State v Pascal (108 Wash 2d 125, 736 P2d 1065 [1987]) and Commonwealth v Hess (348 Pa Super 600, 502 A2d 707 [1985]) for the proposition that resentencing may occur on an invalid sentence. Those cases are distinguishable because resentencing took place before the expiration of the time to appeal; therefore, those defendants had no expectation of finality in their sentences.

. Numerous other trial courts have found that no authority existed to resentence a defendant after the completion of the imposed sentence. (People v Albergottie, Sup Ct, NY County, Aug. 4, 2008, Zweibel, J., index No. 6805/01; People v Washington, 21 Misc 3d 349 [Sup Ct, NY County]; Ramos v Berbary, Sup Ct, Erie County, Aug. 13, 2008, Michalski, J., index No. 2008-3563; but see People v Anderson, Sup Ct, NY County, June 27, 2008, White, J., index No. 8093/98.)

. Petitioner correctly notes that the Ohio legislature has since amended its postrelease control statute to authorize a sentencing court to correct a sentence that did not include postrelease control before the offender is released from prison. (State v Leonard, 2007 WL 959913, 2007 Ohio App LEXIS 1413 [Ct App, 11th Dist 2007].)

. Federal courts have reached the same conclusion. In United States v Silvers (90 F3d 95, 101 [4th Cir 1996]), the Fourth Circuit held that reimposition of sentences for convictions upon which the defendant had already served the entire sentence violated the Double Jeopardy Clause. (Cf. United States v Rico, 902 F2d 1065 [2d Cir 1990] [fact that defendant had been released from custody under the terms of the improperly imposed sentence did not bar, on double jeopardy grounds, imposition of a corrected sentence where defendant was still serving supervised release]; United States v Smith, 115 F3d 241 [4th Cir 1997] [resentencing does not violate double jeopardy because defendant had not fully discharged his sentence and was still serving court-imposed supervised release].)