# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**389**

**KA 12-00795**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

HENRY H. DONALDSON, JR., ALSO KNOWN AS PUDDIN,
DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (AMBER L. KERLING
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (M. William Boller, A.J.), rendered February 27, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the fourth degree (Penal Law §§ 110.00, 220.34 [1]). Initially, we agree with defendant that his waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Doxey*, 112 AD3d 1364, 1364-1365; *People v Jones*, 107 AD3d 1589, 1589-1590, *lv denied* 21 NY3d 1075), and because the court "improperly conflated the rights automatically forfeited by operation of law as the consequence of a guilty plea with those rights voluntarily relinquished as the consequence of a waiver of the right to appeal" (*People v Daniels*, 68 AD3d 1711, 1712, *lv denied* 14 NY3d 887).

We reject defendant's further contention that the court violated CPL 430.10 in resentencing him as a second felony offender. Contrary to defendant's contention, " 'the trial court had the inherent power to correct an illegal sentence' over the defendant's objection where[, as here,] the corrected sentence fell within the range initially stated by the court" (*People v DeValle*, 94 NY2d 870, 871-872, quoting

*People v Williams*, 87 NY2d 1014, 1015, *rearg denied* 89 NY2d 861; *see People v Coble*, 17 AD3d 1165, 1165-1166, *lv denied* 5 NY3d 787). The initial sentence was illegal because the information available to the court and the parties established that defendant was a second felony drug offender, and the court therefore could not impose a one-year period of postrelease supervision (*see* Penal Law §§ 70.45 [2] [d]; 70.70 [3] [b] [ii]). Consequently, the People were required to file a predicate felony statement and the court, upon concluding that he had such a conviction, was required to sentence defendant as a second felony drug offender (*see generally People v Stubbs*, 96 AD3d 1448, 1450, *lv denied* 19 NY3d 1001; *People v Griffin*, 72 AD3d 1496, 1497).

Finally, to the extent that defendant's contention that he was denied effective assistance of counsel at sentencing survives his guilty plea, we conclude that it lacks merit (*see People v LaCroce*, 83 AD3d 1388, 1388, *lv denied* 17 NY3d 807). Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).

We have considered defendant's remaining contentions and conclude that they lack merit.

Entered:  May 2, 2014                        Frances E. Cafarell
                                             Clerk of the Court