■ The People of the State of New York, Respondent, v Paradise Branch, Appellant. [40 NYS3d 909]—

Appeal by the defendant from a resentence of the County Court, Orange County (Freehill, J.), imposed February 20, 2015, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty.

Ordered that the resentence is affirmed.

When the County Court originally imposed sentence in this case, it directed that the sentence be served concurrently with the defendant's undischarged sentence on an earlier conviction. However, because the defendant had committed the crime in this case after he was sentenced on the earlier conviction, the sentences were required to be served consecutively under Penal Law § 70.25 (2-a). Upon being notified of its error, the court directed that the defendant be returned to court and, sua sponte, resentenced the defendant by deleting the provision that the sentences be served concurrently. Contrary to the defendant's contention, the court's resentencing was a proper exercise of its inherent power to correct an illegal sentence (*see People v Williams*, 14 NY3d 198, 212 [2010]; *People v DeValle*, 94 NY2d 870, 872 [2000]). Since the court corrected the error before the defendant had a legitimate expectation of finality in the illegal sentence, the resentencing did not subject him to double jeopardy (*see People v Lingle*, 16 NY3d 621, 630 [2011]; *People v Dozier*, 134 AD3d 951, 951 [2015]). Moreover, the defendant has not established that the resentence violated due process (*see People v Lingle*, 16 NY3d at 632-633; *People v Dozier*, 134 AD3d at 951). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.