People v Moss (2018 NY Slip Op 07455)





People v Moss


2018 NY Slip Op 07455


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-01283
2016-01957

[*1]The People of the State of New York, respondent,
v
Teresa . Moss, appellant. (S.C.I. No. 300/14)


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered January 19, 2015, convicting her of assault in the second degree, upon her plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed February 2, 2016.
ORDERED that the judgment and the resentence are affirmed.
At the time of the defendant's plea of guilty, she was misinformed that a maximum period of five years of postrelease supervision could be imposed upon her conviction of assault in the second degree when, in fact, such conviction only exposed her to a period of postrelease supervision ranging between 1½ to 3 years. At sentencing, the County Court imposed a sentence which included an illegal five-year term of postrelease supervision. At resentencing, the court corrected its error by, inter alia, imposing a three-year term of postrelease supervision.
The defendant's contention that her plea was not knowing, voluntary, and intelligent because she was misinformed at the time of the plea that she could receive a five-year term of postrelease supervision is without merit. "The illegality of a promised sentence does not, in itself, render a defendant's guilty plea unknowing and involuntary" (People v Williams, 145 AD3d 100, 104; see People v Williams, 87 NY2d 1014, 1015). Given that the defendant received at resentencing a term of postrelease supervision that was less than what was promised at the time of the plea, the resentence comported with the defendant's reasonable understanding and legitimate expectations (see People v Collier, 22 NY3d 429, 434; People v Williams, 87 NY2d at 1015; People v Williams, 145 AD3d at 104-105).
Contrary to the defendant's contention, the component of her sentence which imposed a three-year term of postrelease supervision was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention regarding the imposition of the mandatory surcharge is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court