People v Lee (2025 NY Slip Op 02278)

People v Lee

2025 NY Slip Op 02278

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Ind No. 3598/17|Appeal No. 4139|Case No. 2019-04910|

[*1]The People of the State of New York, Respondent,
v
Kai Lee, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Mimi Lei of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen Biben, J.), rendered August 12, 2019, as amended August 19, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sentencing him to four years of probation and rescinding a certificate of relief from civil disabilities previously granted, unanimously modified, on the law, to the extent of vacating the resentence of defendant and remanding the matter for further proceedings.
The People concede that the sentencing court impermissibly changed the terms of defendant's plea and sentence after he was sentenced and resentenced him in his absence. Where the improperly resentenced defendant has appealed the judgment but has not yet formally moved to withdraw the plea, the proper procedure is not an immediate vacatur of the plea and conviction (see People v DeValle, 94 NY2d 870, 872 [2000]; People v Estremera, 30 NY3d 268, 271-273 [2017]). Accordingly, the matter is remanded so defendant may be afforded the opportunity to move to withdraw his plea and, in accordance with his rights, be present at any resentencing proceeding.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025