■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO LUGO, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered July 20, 1988, convicting defendant of violation of probation, imposed pursuant to a June 16, 1987 judgment of conviction, finding defendant guilty of criminal possession of stolen property in the second degree, and criminal sale of a controlled substance in the fourth degree, for which he was resentenced to concurrent terms of two to six years, unanimously affirmed.

On May 5, 1987, defendant pleaded guilty to criminal possession of stolen property in the second degree and criminal sale of a controlled substance in the fourth degree in full satisfaction of Indictments 2494/87 and 7429/86, respectively. On June 16, 1987, defendant was sentenced to concurrent terms of six months incarceration and five years probation.

While on probation, defendant stole his employer's van. Defendant was convicted, after a jury trial, under Indictment 451/88, of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the second degree, and sentenced to concurrent terms of imprisonment of two and one-half to five years, and one and one-half to three years, respectively.

Defendant was also convicted of violating his sentence of probation, imposed pursuant to his conviction under Indictments 7429/86 and 2494/87, and resentenced as set forth above. Defendant now appeals the judgment of resentence.

Initially, we note that defendant attempts to challenge the plea allocution of May 5, 1987, pursuant to which his plea of guilty was entered. However, defendant has taken his appeal only from the resentence, which does not, by itself, vest jurisdiction in this Court to review the underlying judgment (CPL 450.30 [3]). Nor has defendant, within 30 days after the imposition of the resentence, filed and served a notice of appeal from the underlying judgment, pursuant to the provisions of CPL 450.30 (4) *(People v Manino,* 90 AD2d 777). We also note that defendant never moved to withdraw his plea prior to his original sentence, or to vacate the judgment pursuant to any of the grounds set forth in CPL 440.10. As such, any challenge to the entry of defendant's plea, resulting in the underlying conviction, is beyond our review *(People v Lopez,* 71 NY2d 662).

Finally, the term of the resentencing of two to six years, which is to run consecutively to the terms of incarceration imposed for defendant's conviction under Indictment Number 451/88, is neither illegal nor excessive. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.