(January 28, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FERMIN, Appellant. [653 NYS2d 316]—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered November 22, 1994, convicting defendant, after a trial by jury, of robbery in the second degree and sentencing him to a term of $2^1/_2$ to $7^1/_2$ years in prison, unanimously reversed, on the law, the facts and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

We reject defendant's claim that the evidence was legally insufficient to establish his guilt, or that the verdict was against the weight of the evidence (CPL 470.15 [5]). A single witness's identification can be sufficient to support a criminal conviction (*People v Johnson*, 57 NY2d 969). Nevertheless, we find that defendant's conviction should be reversed based on a note received from a juror during deliberations, which indicates that defendant in this case did not receive a fair trial.

The note was received by the court after the jury had already participated in deliberations for two and a half days and had been given an *Allen* charge. The note read: "Your honor, this case has become a battle of wills. To resolve the conflict over a very basic interpretation of the evidence—conflict that we could not resolve through the reasoned deliberations of the evidence that have taken place over the past many hours—jurors have agreed to reach a compromise. However, the compromise was not reached on the evidence, but borne from a strong desire for deliberations to cease. The compromise has resulted in a count of twelve to zero on one count, and eleven to one on another. I am the sole person who would not reach this compromise. I continue to cast my vote based on the evidence in this case, and not a desire for the deliberations to cease. Even as I write this note other jurors are talking outside

the jury room and are no longer discussing the case. If deliberations continue, I will change my vote for unanimity. I send you this note to let the record show that I will be changing my vote based on factors other than the evidence."

Based on this note, defense counsel moved for a mistrial, which motion was denied. The court inquired of both counsel as to their positions with respect to a response to the note. When neither counsel offered any suggestions, the court gave a general instruction to the jurors emphasizing that they should decide the case only on the credible evidence and that, though there was no requirement that they reach a determination, they were to continue with deliberations.

Initially, we do not find that the note in and of itself indicated that there was no choice but that the court grant an immediate mistrial (*see, People v Lombardo*, 61 NY2d 97, 103-104). Since defense counsel offered no other suggestions to the court as to how to respond to the note, defendant's argument that the court's response was inadequate to protect his right to a fair trial is not preserved for review (*supra; People v Couvertier*, 222 AD2d 239, *lv denied* 87 NY2d 971).

However, since we find that a real possibility exists that defendant was, in fact, deprived of a fair trial, we reverse his conviction in the interest of justice.

It has been held that a " 'court should avoid doing anything * * * that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict' " (*People v Boettcher*, 69 NY2d 174, 180, quoting *People v Mussenden*, 308 NY 558, 563). In this case, the court was specifically told by one of the jurors that the other jurors had reached their verdict by means of a compromise and that he himself did not intend to vote according to his findings on the evidence.

Had the juror simply indicated that he believed that the other jurors were willing to compromise, the court's general instructions, which clearly informed the jury of its duty to reach its verdict on the evidence and that it was not obligated to reach a verdict, would have been adequate (*see, People v Scott*, 213 AD2d 501, *lv denied* 85 NY 2d 980). Instead, in the note, this juror stated his own clear intention to vote in a way that did not accord with his findings as to the evidence should deliberations continue. Under these circumstances, the court should have made a more specific inquiry as to the juror's position and ascertained whether he would disavow his stated intention and, instead, base his verdict on the evidence (*People v Pickett*, 61 NY2d 773; *see also, People v Lavender*, 117 AD2d

253, *appeal dismissed* 68 NY2d 995). The court's failure to make such an inquiry makes it impossible to determine whether this juror, having already been told a number of times that he must base his verdict on the evidence, and having stated on the record that he fully intended to ignore those instructions and vote against his conscience if deliberations were to continue, felt free to ignore the court when it merely repeated its general instructions to base the verdict on the evidence. Without any subsequent indication from the juror indicating his willingness to disavow his specifically stated intention, we must assume that he followed it. Since, if that occurred, defendant did not receive a fair trial, his conviction should be reversed in the interest of justice. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.