THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON CAMPBELL, Appellant. [730 NYS2d 762] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of sexual abuse in the first degree (Penal Law § 130.65 [3]), three counts each of rape in the first degree (Penal Law § 130.35 [3]), endangering the welfare of a child (Penal Law § 260.10 [1]), and sodomy in the first degree (Penal Law § 130.50 [3]), and one count of incest (Penal Law § 255.25). We reject defendant's contention that Supreme Court erred in permitting three children to testify under oath. The court conducted a proper colloquy to determine that those witnesses understood the nature of an oath (*see,* CPL 60.20 [former (2)]; *People v Parks*, 41 NY2d 36, 46; *People v Nisoff*, 36 NY2d 560, 565-566). Furthermore, defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 712; *People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that the court erred in admitting the hearsay testimony of the brother of one of the victims. Contrary to defendant's contention, the testimony of that witness merely set forth the sequence of events and was offered to establish that statements had been made, not to establish the details set forth therein (*see, People v Mastin,* 261 AD2d 892, 894, *lv denied* 93 NY2d 1022). Defendant failed to preserve for our review his further contention that the testimony of that witness bolstered his sister's testimony (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contentions concerning allegedly improper comments made by the prosecutor and the court (*see, People v Zhi Qiang Li,* 275 AD2d 803, *lv denied* 96 NY2d 740; *People v Chase,* 265 AD2d 844, 844-845, *lv denied* 94 NY2d 902). In addition, he failed to preserve for our review his contentions that the examining physician was improperly permitted to discuss the subjective

statements of the victims and that the indictment was jurisdictionally defective. We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject defendant's contention that the sentence is illegal. "[A]lthough the aggregate sentence imposed exceeds the maximum aggregate term set forth in Penal Law § 70.30 (1) (e) (vi), that section does not require that we modify the sentence" (*People v Printup,* 255 AD2d 1000, 1001, *lv denied* 92 NY2d 1037). That section "requires only that the Department of Correctional Services determine the aggregate maximum length of imprisonment consistent with the applicable statutory limitation" (*People v Bachman,* 158 AD2d 930, *lv denied* 75 NY2d 963). Furthermore, the sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Rape, 1st Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.