■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT A. LEEPER, Appellant. [741 NYS2d 487] —Appeal from a judgment of Chautauqua County Court (Cass, J.), entered October 3, 2000, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by vacating the resentence and as modified the judgment is affirmed and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following Memorandum: Contrary to defendant's contention, County Court had inherent power to resentence defendant in order to correct an illegal sentence that it had previously imposed (see People v DeValle, 94 NY2d 870, 871; see also People v Ruiz, 226 AD2d 747, 748, lv denied 88 NY2d 969). Defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and was originally sentenced as a second felony offender to an indeterminate term of imprisonment of 3 to 6 years, to run concurrently with the undischarged portion of an earlier sentence that defendant was serving. The court resentenced defendant in order to comply with Penal Law § 70.25 (2-a), directing that the present sentence be served consecutively to the undischarged portion of the earlier sentence.

We nevertheless conclude that the resentence must be vacated as a matter of discretion in the interest of justice. Defendant initially pleaded guilty to criminal possession of a controlled substance in the fourth degree, a class C felony, in satisfaction of a charge of criminal possession of a controlled substance in the third degree, a class B felony, and was sentenced to a term of imprisonment of 3 to 6 years, to run concurrently with the undischarged portion of the earlier sentence. At the resentencing, defendant was initially afforded the opportunity to plead guilty to criminal possession of a controlled substance in the fifth degree, a class D felony, with a promised sentence of 2 to 4 years, to be served consecutively to the undischarged portion of the earlier sentence. A waiver of the right to appeal was not included in the previous plea agreement, nor was such a waiver expressly made a part of the cur-

rent plea offer. Defendant accepted the new plea offer to the class D felony. During the colloquy for the new plea, defense counsel stated that defendant wished to know whether he retained the right to appeal. The court directed the question to the prosecutor, who stated, "If he wants to waive appeal, we can proceed with the D felony. If he doesn't, we can go on the B felony, and I will seek 12 and a half to 25." Defendant stated that he was willing to accept the plea offer but wanted to retain the right to appeal. The prosecutor then stated, "[I]f he wants to appeal he can proceed on the C felony." The court stated that it would sentence defendant on the class C felony and that defendant would retain the right to appeal. Defendant replied, "I plead guilty, your Honor. I plead guilty to the D, your Honor." The court refused to accept that plea, however, and, over the objections of defense counsel, proceeded to sentence defendant to a term of imprisonment of 3 to 6 years on the crime of criminal possession of a controlled substance in the fourth degree, a class C felony, to be served consecutively to the undischarged portion of the earlier sentence.

Under the circumstances presented herein, we modify the judgment as a matter of discretion in the interest of justice by vacating the resentence, and we remit the matter to Chautauqua County Court to afford defendant the opportunity to withdraw his plea of guilty, to waive his right to appeal and to plead guilty to criminal possession of a controlled substance in the fifth degree, a class D felony, with a sentence of 2 to 4 years to be served consecutively to the undischarged portion of his earlier sentence, or otherwise to afford defendant the opportunity to withdraw his plea of guilty (*see* CPL 470.15 [3] [c]; *People v Saletnik*, 285 AD2d 665, 667-668; *see also People v Pastorius*, 272 AD2d 944, 944, *lv denied* 95 NY2d 907; *see generally Matter of Crooms v Corriero*, 206 AD2d 275, 277, *lv denied* 84 NY2d 809). In the event that defendant does not choose to withdraw his plea of guilty, to waive his right to appeal and to plead guilty to the class D felony or otherwise to withdraw his plea of guilty, his present plea of guilty will stand and defendant must be resentenced to a consecutive term of imprisonment of 3 to 6 years. Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.