■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MATTHEWS, Appellant. [763 NYS2d 385] —Appeal from a resentence of Supreme Court, Erie County (Forma, J.), entered May 24, 2001, upon defendant's plea of guilty of assault in the second degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a resentence upon his conviction following his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). Supreme Court denied

the motion of defendant at sentencing to withdraw his plea and originally sentenced defendant as a second felony offender to a determinate term of imprisonment of five years followed by two years of postrelease supervision. The People subsequently moved to vacate the sentence on the ground that it was illegal and sought to have defendant resentenced to five years of imprisonment followed by five years of postrelease supervision. The court granted the People's motion over defendant's opposition, denied defendant's subsequent motion to withdraw his plea, and resentenced defendant.

Contrary to defendant's contention, the court properly granted the People's motion to vacate the sentence. The original sentence was illegal because Penal Law § 70.45 (2) mandates that a determinate sentence imposed upon conviction of a class D felony include five years of postrelease supervision (*see* CPL 440.40 [1]; *see also People v Holley*, 168 AD2d 992, 993 [1990]).

Defendant contends for the first time on appeal that he should have been permitted to withdraw his plea or vacate the conviction because the court violated the original sentencing promise by resentencing him to five years of postrelease supervision, and thus that contention is not preserved for our review (*see People v Larweth*, 303 AD2d 1029 [2003]; *see also People v DeValle*, 94 NY2d 870, 871-872 [2000]). In any event, the record establishes that the court stated during the plea proceeding that defendant would receive a greater period of postrelease supervision if required by law, and thus, "there could be no expectation of finality on [defendant's] part with respect to the lesser and illegal" period of postrelease supervision (*People v Williams*, 87 NY2d 1014, 1015 [1996]).

The contentions of defendant that the court abused its discretion in denying his initial motion to withdraw his plea during the original sentencing proceeding and that a second felony offender statement was not filed therein are not reviewable on appeal from the resentence (*see* CPL 450.30 [3]; *see also People v Ferrin*, 197 AD2d 882 [1993], *lv denied* 82 NY2d 849 [1993]). Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.