■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY JETER, Appellant. [788 NYS2d 795]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered November 6, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [2]). We conclude that defendant's waiver of the right to appeal is enforceable. The record establishes that defendant understood that, by waiving his right to appeal, he was relinquishing the right to challenge his conviction (*see People v Summers* [appeal No. 2], 242 AD2d 869 [1997], *lv denied* 91 NY2d 881 [1997]). It further establishes that defendant had an adequate opportunity

to discuss the plea agreement with his attorney and that the agreement was beneficial to defendant. Thus, contrary to defendant's contention, the facts and circumstances surrounding defendant's waiver of the right to appeal establish that it was voluntary, knowing and intelligent (*see People v Seaberg*, 74 NY2d 1, 11 [1989]). Contrary to defendant's contention, for second felony offenders such as defendant, the length of the period of postrelease supervision is five years (*see* Penal Law § 70.45 [2]; *People v Skye*, 298 AD2d 889, 890 [2002]; *People v Goss*, 286 AD2d 180, 183 [2001]). Moreover, defendant's sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Hayes, JJ.