THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JAMES COBLE, Appellant. [794 NYS2d 549]—

Appeal from a resentence of the Supreme Court, Erie County
(Ronald H. Tills, A.J.), rendered June 14, 2002. Defendant was
resentenced following his conviction, upon his plea of guilty, of
attempted robbery in the second degree.

It is hereby ordered that the resentence so appealed from be
and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of
guilty of attempted robbery in the second degree (Penal Law
§§ 110.00, 160.10 [2] [b]) and was originally sentenced to a
determinate term of incarceration and a period of postrelease
supervision. Supreme Court, however, thereafter resentenced
defendant by increasing the period of postrelease supervision
from 1¹/₂ years to 5 years. Because the resentence occurred
more than 30 days after the original sentence and the only no-
tice of appeal is from the resentence, defendant's appeal is from
the resentence only (*see* CPL 450.30 [3]; *People v Ferrin*, 197
AD2d 882 [1993], *lv denied* 82 NY2d 849 [1993]). Therefore, the
contentions of defendant with respect to the original judgment
of conviction, i.e., that he was denied due process and effective
assistance of counsel prior to the entry of his plea, are not
properly raised on this appeal.

"Contrary to defendant's contention, [the court] had inherent
power to resentence defendant in order to correct an illegal
sentence that it had previously imposed" (*People v Leeper*, 294
AD2d 885, 885 [2002]; *see People v DeValle*, 94 NY2d 870 [2000];

*People v Alford*, 272 AD2d 901 [2000], *lv denied* 96 NY2d 780 [2001]). Thus, contrary to the contentions of defendant, he was not denied due process and the court did not violate CPL 430.10. Pursuant to Penal Law § 70.45 (2), the court was required to impose a five-year period of postrelease supervision based on defendant's status as a second violent felony offender (*see People v Jeter*, 15 AD3d 885 [2005]; *People v Lockett*, 303 AD2d 947 [2003], *lv denied* 1 NY3d 575 [2003]; *People v Skye*, 298 AD2d 889 [2002]). Defendant was afforded an opportunity to withdraw his plea before the court imposed the enhanced sentence and thus the imposition of that sentence does not warrant reversal (*see People v Langworthy*, 1 AD3d 1013 [2003], *lv denied* 2 NY3d 763 [2004]; *People v Hogue*, 295 AD2d 928 [2002], *lv denied* 99 NY2d 536 [2002]). The resentence, mandated by law, is not unduly harsh or severe. Present—Kehoe, J.P., Gorski, Smith, Pine and Hayes, JJ.