■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE LARD, Also Known as LONNIE ANTHONY, Appellant. [803 NYS2d 458]—Appeal from a resentence of the Erie County Court (Sheila A. DiTullio, J.), rendered March 10, 2004. Defendant was resentenced to concurrent determinate terms of imprisonment.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [4]), and he now appeals from the resentence upon that conviction. Because the resentence occurred more than 30 days after the original sentence and there was no timely notice of appeal from the original judgment of conviction, any contentions of defendant with respect to the original judgment of conviction are not properly before us on this appeal (*see People v Coble,* 17 AD3d 1165 [2005], *lv denied* 5 NY3d 787 [2005]; *People v McMillan,* 228 AD2d 166 [1996], *lv denied* 88 NY2d 1070 [1996]; *People v Reddy,* 227 AD2d 961 [1996], *lv denied* 88 NY2d 1024 [1996]; *People v Lugo,* 176 AD2d 177, 178 [1991]). Defendant failed to preserve for our review his contention that County Court should have afforded him the opportunity to withdraw his plea prior to the resentence based on the court's failure to advise him of the mandatory period of postrelease supervision (*see People v Matthews,* 306 AD2d 863, 864 [2003]). The further contention of defendant concerning the severity of the sentence is encompassed by his waiver of the right to appeal (*see People v Hidalgo,* 91 NY2d 733, 737 [1998]) and, in any event, is without merit. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.