■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL W. PELCZYNSKI, Appellant. [842 NYS2d 815]—Appeal from a resentence of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered May 3, 2005. Defendant was resentenced following his conviction, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]), and he now appeals from the resentence upon that conviction. "Because the resentence occurred more than 30 days after the original sentence and there was no timely notice of appeal from the original judgment of conviction, any contentions of defendant with respect to the original judgment of conviction are not properly before us on this appeal" (*People v Lard*, 23 AD3d 1033 [2005], *lv denied* 6 NY3d 755, 815 [2005]; *see* CPL 450.30 [3]; *People v Coble*, 17 AD3d 1165 [2005], *lv denied* 5 NY3d 787 [2005]). By failing to object to the resentencing or to move to withdraw his guilty plea or to vacate the judgment of conviction based upon the resentencing, defendant failed to preserve for our review his contention concerning the resentencing (*see People v Alford*, 272 AD2d 901 [2000], *lv denied* 96 NY2d 780 [2001]; *see also People v Matthews*, 306 AD2d 863 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.