THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN A. WHITEHEAD, Appellant. [848 NYS2d 657]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (LaPera, J.), rendered March 28, 2006, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Calabrese, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress a handgun. The defendant, by his words and conduct, consented to the limited warrantless search conducted by the detective at his house (*see People v Kelley*, 220 AD2d 456 [1995]; *People v Davis*, 224 AD2d 541, 543 [1996]; *see also People v Gonzalez*, 88 NY2d 289, 293 [1996]; *People v Cosme*, 48 NY2d 286, 290 [1979]; *People v Williams*, 37 AD3d 626, 627 [2007]). In light of the foregoing, the defendant's contention regarding whether there were exigent circumstances to justify the warrantless search has been rendered academic.

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Green*, 41 AD3d 862 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Gonzalez*, 3 AD3d 579 [2004]; *People v Fermin*, 235 AD2d 328 [1997]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jurors, who saw and heard the witnesses, and their determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*see* CPL 470.07 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 644-645).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]).

The defendant's contention that CPL 270.10 is unconstitutional is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is not properly before this Court due to the defendant's failure to notify the Attorney General that he was challenging the constitutionality of a state statute (*see* CPLR 1012 [b] [1], [3]; *see also People v Troy*, 28 AD3d 689, 690 [2006]).

Contrary to the defendant's contention, "[i]t is well established that in reaching a sentencing determination, the court may consider not only prior offenses for which the defendant was convicted, but even offenses for which he had not been convicted" (*People v Khan*, 146 AD2d 806, 807 [1989]; *see People v Gonzalez*, 242 AD2d 306, 306-307 [1997]; *People v Kaplan*, 199 AD2d 82, 83 [1993]; *see also Williams v New York*, 337 US 241 [1949]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.