■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIAN FACEN, Appellant. (Appeal No. 1.) [888 NYS2d 454]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered August 18, 1999. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from three judgments convicting him, collectively, upon his pleas of guilty of two counts of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). We agree with defendant with respect to each appeal that his waivers of the right to appeal were invalid inasmuch as the record fails to "establish that [he] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Moorer*, 63 AD3d 1590 [2009]; *People v Hendrix*, 62 AD3d 1261 [2009], *lv denied* 12 NY3d 925 [2009]). Thus, his contention that County Court abused its discretion in refusing to adjudicate him a youthful offender is not encompassed by the invalid waiver (*cf. People v Capps*, 63 AD3d 1632 [2009]). Nevertheless, we reject defendant's contention that the court abused its discretion, and we decline to grant his further request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (*see People v Bell*, 56 AD3d 1227 [2008], *lv denied* 12 NY3d 781 [2009]; *People v Potter*, 13 AD3d 1191 [2004], *lv denied* 4 NY3d 889 [2005]).

To the extent that defendant in his brief on appeal addresses the imposition of a period of postrelease supervision with respect to appeal No. 2, we note that the period of postrelease supervision has expired. Because we cannot afford defendant any meaningful relief with respect thereto, we dismiss that part of the appeal from the judgment in appeal No. 2 as moot (*see generally Matter of Wilson v New York State Dept. of Correctional Servs.*, 43 AD3d 1227 [2007]). Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.