■ The People of the State of New York, Respondent, v Ronnie Covington, Appellant. [930 NYS2d 190]—

We assume, without deciding, that this appeal is properly before us as an appeal from a judgment of resentence (*see* CPL 450.30 [3]; *People v King*, 84 AD3d 473 [2011]), and we find it unnecessary to decide the appealability issues raised by the People. However, defendant is not entitled to any relief.

Defendant's original sentence on his underlying conviction unlawfully omitted the required period of postrelease supervision. Following postconviction motion practice and the Court of Appeals' decision in *People v Sparber* (10 NY3d 457 [2008]), the sentencing court determined that it would let the original sentence stand, without adding PRS. However, the court did not employ the procedure set forth in Penal Law § 70.85, whereby, with the People's consent, the court may correct a *Sparber* error by reimposing the original sentence without PRS.

Defendant seeks a remand for a resentencing hearing, arguing that the resentencing, or purported resentencing, was procedurally defective in various respects. However, defendant was not adversely affected by any error, because the result, i.e., freedom from having to serve a term of PRS, was in his favor (*see* CPL 470.15 [1]; *People v Acevedo*, 17 NY3d 297, 302-303 [2011]).

In any event, defendant would not derive any practical bene-

fit from a remand. To the extent that defendant seeks a proceeding at which he may ask the resentencing court for a lower prison sentence, that avenue of relief is foreclosed by the Court of Appeals' decision in *People v Lingle* (16 NY3d 621, 634-635 [2011]). This Court likewise has no authority to revisit defendant's prison sentence on this appeal (*id.* at 635). Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.