■ The People of the State of New York, Respondent, v Gregory Jackson, Appellant. [931 NYS2d 917]—Kavanagh, J.

In March 2000, defendant was convicted of burglary in the second degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fifth

degree, unauthorized use of a vehicle in the third degree and petit larceny, and was subsequently sentenced to an aggregate prison term of 8½ years. His sentence did not include, as required, a period of postrelease supervision (*see* Penal Law § 70.45 [1]). Defendant's conviction was later affirmed (*People v Jackson*, 282 AD2d 830 [2001], *lv denied* 96 NY2d 902 [2001]), and he was released from prison in March 2008, after he had served his entire sentence. Upon his release from prison, the People filed an application to have defendant resentenced so that he would be required to serve a mandatory term of postrelease supervision. In December 2008, County Court granted the People's request and defendant now appeals.

Defendant's challenge to County Court's decision to resentence him was filed after he served his entire sentence, including the period of postrelease supervision. As a result, his challenge to the validity of the resentence is moot and this appeal must be dismissed (*see People v McLaine*, 64 NY2d 934 [1985]; *People v Facen*, 67 AD3d 1478, 1479 [2009], *lv denied* 14 NY3d 800 [2010]; *People v John*, 288 AD2d 848, 850 [2001], *lv denied* 97 NY2d 705 [2002]; *People v De Leo*, 214 AD2d 762, 762-763 [1995]).

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot.