# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**844**

**KA 11-01824**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

STANLEY L. HOWARD, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cayuga County Court (Thomas G. Leone, J.), rendered June 30, 2011. Defendant was resentenced upon his conviction of criminal possession of a controlled substance in the fifth degree and assault in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and assault in the second degree (§ 120.05 [7]), and he appeals from a resentence on those convictions. County Court (Corning, J.) originally sentenced defendant as a second felony offender to an indeterminate term of imprisonment on the conviction of criminal possession of a controlled substance and a determinate term of imprisonment of five years on the conviction of assault, but it failed to impose a period of postrelease supervision (PRS) on the determinate sentence as required by Penal Law § 70.45 (1). County Court (Leone, J.), with the People's consent, thereafter resentenced defendant to the same terms of imprisonment previously imposed, without adding a term of PRS (*see* § 70.85; *see also* Correction Law § 601-d).

To the extent that defendant challenges the severity of his resentence, that challenge is beyond the scope of our review. Where, as here, the resentence is conducted for the purpose of rectifying a *Sparber* error—that is, an error in failing to impose a required period of PRS (*see People v Sparber*, 10 NY3d 457, 464-465)—"[t]he defendant's right to appeal is limited to the correction of errors or the abuse of discretion at the resentencing proceeding," and this Court "may not reduce the [defendant's] prison sentence on appeal in the interest of

justice" (*People v Lingle*, 16 NY3d 621, 635; *see People v Covington*, 88 AD3d 486, 486-487, *lv denied* 18 NY3d 858).

Defendant failed to preserve for our review his contention that, at resentencing, the People were required to re-prove his status as a second felony offender and the court (Leone, J.) was required to re-adjudicate him as such (*see generally* CPL 470.05 [2]).  In any event, that contention lacks merit.  At defendant's original sentencing, the People and the court (Corning, J.) complied with the requirements of CPL 400.21, and defendant admitted his status as a second felony offender.  Thus, we conclude that there was "substantial compliance" with CPL 400.21 at resentencing despite the court's failure to adjudicate defendant a second felony offender again (*People v Mateo*, 53 AD3d 1111, 1112, *lv denied* 11 NY3d 791).

We have reviewed defendant's remaining contention and conclude that it does not require reversal or modification of the resentence.

Entered:  June 29, 2012                        Frances E. Cafarell
                                               Clerk of the Court