# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

961

KA 12-00992

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

HECTOR ALVARADO, DEFENDANT-APPELLANT.

---

REBECCA CURRIER, AUBURN, FOR DEFENDANT-APPELLANT.

HECTOR ALVARADO, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered May 3, 2011. Defendant was resentenced upon his conviction of assault in the second degree.

It is hereby ORDERED that said appeal is unanimously dismissed.

Memorandum: Defendant appeals from a resentence with respect to his conviction in 2001 of, inter alia, assault in the second degree (Penal Law § 120.05 [3]). Defendant was incarcerated at the time of the conviction, and County Court (Contiguglia, A.J.) originally directed that the sentences imposed on the assault count and another count were to run concurrently to each other and consecutively to the sentence defendant was serving. At the resentencing, County Court (Fandrich, A.J.), with the consent of the People, imposed the same sentence that was imposed in 2001 (*see* Corrections Law § 601-d [3]), without postrelease supervision. As a preliminary matter, we note that defendant raises contentions in his pro se supplemental brief related to the underlying conviction. Inasmuch as defendant failed to appeal from the judgment of conviction and the resentence occurred more than 30 days after the original sentence, the appeal is from the resentence only (*see* CPL 450.30 [3]). Thus, defendant's contentions in his pro se supplemental brief are not properly before us (*see People v Pelczynski*, 43 AD3d 1279, 1279; *People v Coble*, 17 AD3d 1165, 1165, *lv denied* 5 NY3d 787).

The People correctly concede that defendant had completed his sentence prior to the date of resentencing. We therefore agree with defendant that the court lacked authority to resentence him (*see People v Williams*, 14 NY3d 198, 217, *cert denied* ___ US ___, 131 S Ct 125), and that the resentencing was in violation of the constitutional prohibition against double jeopardy (*see generally People v Velez*, 19

NY3d 642, 649). Although no period of postrelease supervision (PRS) was added (*cf. id.; Williams*, 14 NY3d at 209), we nevertheless conclude that, because the court could have imposed a period of PRS following the completion of defendant's sentence, he was improperly subjected to " 'multiple punishments for the same offense in successive proceedings' " (*People v Gause*, 19 NY3d 390, 394). However, because "we cannot afford defendant any meaningful relief," we dismiss the appeal as moot (*People v Facen*, 67 AD3d 1478, 1479, *lv denied* 14 NY3d 800, *reconsideration denied* 15 NY3d 749; *see People v Jackson*, 89 AD3d 1122, 1123, *lv denied* 19 NY3d 1103).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court