# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

924

KA 12-00296

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

SHANNON CAMPBELL, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

SHANNON CAMPBELL, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 24, 2012. Defendant was resentenced upon his conviction of sexual abuse in the first degree, rape in the first degree (three counts), endangering the welfare of a child (three counts), sodomy in the first degree (three counts) and incest.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of, inter alia, three counts each of rape in the first degree (Penal Law § 130.35 [3]) and sodomy in the first degree (former § 130.50 [3]). On a prior appeal, we affirmed the judgment of conviction (*People v Campbell*, 286 AD2d 979, *lv denied* 97 NY2d 702), and defendant now appeals from a resentence pursuant to Correction Law § 601-d and Penal Law § 70.85. Defendant failed to preserve for our review his contention that Supreme Court erred in failing to order an updated presentence report "inasmuch as he never requested such an update, objected to the presentence report at the resentencing, or moved to vacate the resentencing on that ground" (*People v Lard*, 71 AD3d 1464, 1465, *lv denied* 14 NY3d 889). In any event, defendant's contention is without merit. "[T]he decision whether to obtain an updated [presentence] report at resentencing is a matter resting in the sound discretion of the sentencing [court] . . . Where, as here, [the] defendant has been continually incarcerated between the time of the initial sentencing and resentencing, to require an update . . . does not advance the purpose of CPL 390.20 (1)" (*id.* [internal quotation marks omitted]; *see People v Cobado*, 104 AD3d 1322, 1322-1323; *see generally People v Kuey*, 83 NY2d 278, 282-283). We reject defendant's

further contention that the imposition of five-year periods of postrelease supervision (PRS) is unduly harsh and severe, but we note, as we did in the original appeal, that the aggregate sentence of 75 years of incarceration is reduced by operation of law to 50 years (*see* Penal Law § 70.30 [1] [e] [vi]).

We do not address any of the contentions raised by defendant in his pro se supplemental brief inasmuch as they concern matters related to the original proceeding. "Where, as here, the resentence is conducted for the purpose of rectifying a *Sparber* error—that is, an error in failing to impose a required period of PRS (*see People v Sparber*, 10 NY3d 457, 464-465)—'[t]he defendant's right to appeal is limited to the correction of errors or the abuse of discretion at the resentencing proceeding' " (*People v Howard*, 96 AD3d 1701, 1702, *lv denied* 19 NY3d 1103, quoting *People v Lingle*, 16 NY3d 621, 635).

Entered: November 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court