■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON VOGT, Appellant. [974 NYS2d 657]—

---

Rose, J.P. Appeal from a judgment of the County Court of Ulster County (McGinty, J.), rendered February 7, 2012, which resentenced defendant following his conviction of the crimes of sodomy in the first degree (three counts) and sexual abuse in the first degree (three counts).

In October 2000, defendant pleaded guilty to sodomy in the first degree (three counts), sexual abuse in the first degree (three counts), promoting a sexual performance by a child (five counts) and possessing a sexual performance by a child (six counts), and, as relevant here, he was sentenced to concurrent prison terms of 22½ years for the sodomy convictions and two years for the sexual abuse convictions. While he was serving his prison term, he was identified as a "designated person" within the meaning of Correction Law § 601-d (1) because his sentences for the sodomy and sexual abuse convictions did not include a mandatory period of postrelease supervision. In February 2012, with the People's consent, County Court resentenced defendant on the sodomy and sexual abuse convictions pursuant to Penal Law § 70.85 to the originally imposed sentences with no period of postrelease supervision. Defendant appeals.

We affirm. Contrary to defendant's contention, County Court did not err in resentencing him to the originally imposed sentences. In situations such as this, where defendant was sentenced to a determinate sentence but the mandatory term of postrelease supervision was not imposed and the case is again before the sentencing court pursuant to Correction Law § 601-d, the court may, upon the consent of the People, "re-impose the originally imposed determinate sentence of imprisonment without any term of postrelease supervision, which then shall be deemed a lawful sentence" (Penal Law § 70.85; *see People v Acevedo*, 17 NY3d 297, 300 n [2011]). As to defendant's challenge to the severity of his sentence on the sodomy convictions, inasmuch as the resentence was limited to correcting the failure to impose a mandatory term of postrelease supervision, County Court could not revisit the propriety of his original sentence upon resentencing and we have no authority to reduce the sentence in the interest of justice on this appeal (*see People v Lingle*, 16 NY3d 621, 635 [2011]; *People v Howard*, 96 AD3d 1701, 1702 [2012], *lv denied* 19 NY3d 1103 [2012]; *People v Myrick*, 84 AD3d 1272, 1272 [2011], *lv denied* 17 NY3d 820 [2011]).

Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.