# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**6**

**KA 11-02119**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

EVERTON HIBBERT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA L. DREHER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from a resentence of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered August 29, 2011. Defendant was resentenced upon his conviction of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence upon his conviction, in 2000, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). It is undisputed that, at the time of his plea of guilty to those crimes, Supreme Court (Mark, J.) failed to advise defendant that he was subject to a period of postrelease supervision (PRS) with respect to the count of criminal possession of a weapon. Supreme Court (Valentino, J.) was alerted to the error pursuant to Correction Law § 601-d and, with the consent of the People, resentenced defendant pursuant to Penal Law § 70.85 to the bargained-for determinate term of 15 years of imprisonment without PRS to run concurrently with the indeterminate term of imprisonment imposed on the murder count. Defendant failed to preserve for our review his present contention that Penal Law § 70.85 is unconstitutional (*see* CPL 470.05 [2]) and, in any event, his contention is not properly before us because he failed to provide notice to the Attorney General of his challenge to the constitutionality of the statute (*see* CPLR 1012 [b]; Executive Law § 71 [3]; *see generally People v Williams*, 82 AD3d 1576, 1578, *lv denied* 17 NY3d 810). We nevertheless note that the Court of Appeals has determined that "section 70.85 is a constitutionally permissible legislative remedy for the defectiveness of the plea" (*People v*

*Pignataro*, ___ NY3d ___, ___ [Dec. 12, 2013]).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court