# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

405

KA 12-00445

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD F. MILLS, DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

RICHARD F. MILLS, DEFENDANT-APPELLANT PRO SE.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Genesee County Court (Robert C. Noonan, J.), rendered January 31, 2011. Defendant was resentenced upon his conviction of attempted assault in the first degree.

It is hereby ORDERED that the resentence so appealed from is affirmed.

Memorandum: Defendant was convicted upon a jury verdict of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]) and attempted assault in the first degree (§§ 110.00, 120.10). He appeals from a resentence with respect to the attempted assault conviction. During the resentencing proceeding, County Court, with the consent of the People (*see* § 70.85), imposed the same sentence that was originally imposed, i.e., without a period of postrelease supervision ([PRS] *see* Correction Law § 601-d [4], [5]).

Initially, we note that defendant raises contentions in his pro se supplemental brief related to the underlying conviction. "Where, as here, the resentence is conducted for the purpose of rectifying a *Sparber* error—that is, an error in failing to impose a required period of PRS (*see People v Sparber*, 10 NY3d 457, 464-465 [2008])—'[t]he defendant's right to appeal is limited to the correction of errors or the abuse of discretion at the resentencing proceeding' " (*People v Howard*, 96 AD3d 1701, 1702, *lv denied* 19 NY3d 1103, quoting *People v Lingle*, 16 NY3d 621, 635; *see People v Campbell*, 111 AD3d 1253, 1254). Consequently, defendant's contentions in his pro se supplemental brief with respect to the original judgment of conviction are not properly before us (*see generally People v Alvarado*, 109 AD3d 1185, 1185, *lv denied* 22 NY3d 1086; *People v Coble*, 17 AD3d 1165, 1165, *lv denied* 5 NY3d 787).

Defendant further contends that the court erred in conducting the resentence in his absence and without assigning counsel (*see* Correction Law § 601-d [4] [a]; CPL 380.40 [1]; *see also People v Robinson*, 111 AD3d 963, 963-964).  That contention is not properly before us because we may only "consider and determine any question of law or issue of fact involving error or defect . . . which may have adversely affected the appellant" (CPL 470.15 [1]).  Here, the only issue presented at resentencing was whether the court would impose a period of PRS, and the District Attorney had already informed the court and defendant in writing that the People would consent to the reimposition of the original sentence, i.e., without a period of PRS.  Inasmuch as the court reimposed that original sentence, "defendant was not adversely affected by any error, because the result, i.e., freedom from having to serve a term of PRS [with respect to this count of the indictment], was in his favor" (*People v Covington*, 88 AD3d 486, 486, *lv denied* 18 NY3d 858).

Finally, defendant's contention that Penal Law § 70.85 is an unconstitutional ex post facto law is not properly before us inasmuch as he failed to notify the Attorney General that he would be raising that contention (*see People v Williams*, 82 AD3d 1576, 1578, *lv denied* 17 NY3d 810; *People v Whitehead*, 46 AD3d 715, 716, *lv denied* 10 NY3d 772; *see generally Koziol v Koziol*, 60 AD3d 1433, 1434-1435, *appeal dismissed* 13 NY3d 763).  In any event, we note that defendant, in the context of a prior habeas corpus proceeding challenging his resentencing, previously raised his contention that the statute is unconstitutional, and we rejected it on the ground that it is without merit (*see People ex rel. Mills v Lempke*, 112 AD3d 1365, 1366, *lv denied* 22 NY3d 864; *see also People v Pignataro*, 22 NY3d 381, 387, *rearg denied* 22 NY3d 1135; *People v Hibbert*, 114 AD3d 1134, 1134).

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent and would remit the matter for a further resentencing of defendant.  My analysis begins with CPL 380.40 (1), which plainly provides that, "[i]n general . . . [,] the defendant must be personally present at the time sentence is pronounced."  CPL 380.50 (1), in turn, considers statements at the time of sentencing, and it provides, inter alia, these mandates:  "At the time of pronouncing sentence, the court must accord the prosecutor an opportunity to make a statement with respect to any matter relevant to the question of sentence.  The court must then accord counsel for the defendant an opportunity to speak on behalf of the defendant.  The defendant also has the right to make a statement personally in his or her own behalf, and before pronouncing sentence the court must ask the defendant whether he or she wishes to make such a statement."

Both CPL 380.40 (1) and CPL 380.50 (1) apply to resentences (*see People v Green*, 54 NY2d 878, 880; *People v Aloi*, 78 AD3d 1546, 1547; *People v Dennis* [appeal No. 2], 6 AD3d 1211, 1212).  Moreover, the legislature built no exception for futility or arrogance—which is a fair characterization of defendant's behavior—into CPL 380.40 or CPL 380.50, and I do not believe that we should find one here.  To the extent that the First Department overlooked those statutes in the

*Sparber* case of *People Covington* (88 AD3d 486, 486-487, *lv denied* 18 NY3d 858; *see People v Sparber*, 10 NY3d 457), I conclude that we should not rely on that precedent, but instead should honor and adhere to the sentencing procedures mandated by the legislature.  There is no statutory basis for the exception proposed by the majority.  The right to speak at one's resentencing should be deemed fundamental.

Entered:  May 9, 2014                        Frances E. Cafarell
                                             Clerk of the Court