# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1251

KA 14-00785

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

DONALD W. REINARD, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD W. REINARD, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered June 8, 2010. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree and attempted sexual abuse in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of one count of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and two counts of attempted sexual abuse in the first degree (§§ 110.00, 130.65 [3]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of course of sexual conduct against a child in the first degree (§ 130.75 [1] [a]).

In his main and pro se supplemental briefs, defendant contends in both appeals that his respective waivers of the right to appeal were not valid. We reject those contentions. County Court's plea colloquies, together with the written waivers of the right to appeal, establish that defendant's waivers of the right to appeal were made knowingly, intelligently, and voluntarily (*see People v Johnson*, 122 AD3d 1324, 1324; *People v Arney*, 120 AD3d 949, 949).

In both appeals, defendant contends in his main and pro se supplemental briefs that his respective pleas were involuntarily entered. Although those contentions survive his valid waivers of the right to appeal, they are not preserved for our review inasmuch as

defendant failed to move to withdraw the respective pleas or to vacate the judgments of conviction (*see People v Guantero*, 100 AD3d 1386, 1387, *lv denied* 21 NY3d 1004; *People v Connolly*, 70 AD3d 1510, 1511, *lv denied* 14 NY3d 886), and nothing in the plea colloquies casts significant doubt on defendant's guilt or the voluntariness of his pleas, and the narrow exception to the preservation requirement therefore does not apply (*see People v Lopez*, 71 NY2d 662, 666; *People v Lewandowski*, 82 AD3d 1602, 1602).

In both appeals, the valid waivers of the right to appeal encompass defendant's challenges in his main and pro se supplemental briefs to the severity of the sentences (*see People v Hidalgo*, 91 NY2d 733, 737). Defendant's contentions in his pro se supplemental brief that the sentences in both appeals were imposed in violation of the United States Constitution also survive his valid waivers of the right to appeal (*see People v Lopez*, 6 NY3d 248, 255), but we reject those contentions inasmuch as it cannot be said that the sentences are "grossly disproportionate to the crime[s]" (*People v Broadie*, 37 NY2d 100, 111, *cert denied* 423 US 950; *see generally People v Thompson*, 83 NY2d 477, 484).

Contrary to defendant's contention in his pro se supplemental brief in appeal No. 1, his waiver of indictment and consent to be prosecuted under a superior court information was not jurisdictionally defective (*see generally* CPL 195.10 [1] [b]; *People v D'Amico*, 76 NY2d 877, 879).

Defendant's challenges in both appeals to the constitutionality of various statutes were not preserved for our review inasmuch as they were not raised during proceedings in County Court (*see People v Whitehead*, 46 AD3d 715, 716, *lv denied* 10 NY3d 772). In any event, those challenges are not properly before us inasmuch as defendant failed to notify the Attorney General that he would be making those challenges (*see People v Mills*, 117 AD3d 1555, 1556, *lv denied* 24 NY3d 1045, *reconsideration denied* 24 NY3d 1121; *Whitehead*, 46 AD3d at 716).

Defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel in both appeals does not survive his guilty pleas or the waivers of the right to appeal because defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of his attorney['s] allegedly poor performance' " (*People v Grandin*, 63 AD3d 1604, 1604, *lv denied* 13 NY3d 744). We have reviewed the remaining contentions in both appeals in defendant's pro se supplemental brief and conclude that they do not require reversal or modification of the judgments.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court