Matter of Kesel v Holtz (2023 NY Slip Op 06639)

Matter of Kesel v Holtz

2023 NY Slip Op 06639

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

897 CA 23-01059

[*1]IN THE MATTER OF INVESTIGATOR JOHN KESEL, ONTARIO COUNTY SHERIFF'S DEPARTMENT, PETITIONER,
v
JEFFREY HOLTZ, RESPONDENT-RESPONDENT. LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, INTERVENOR-APPELLANT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH COCO OF COUNSEL), FOR INTERVENOR-APPELLANT. 
SELENDY GAY ELSBERG PLLC, NEW YORK CITY (ANDREW R. DUNLAP OF COUNSEL), ON BEHALF OF DISTRICT OF COLUMBIA AND STATES OF ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAII, ILLINOIS, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW MEXICO, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, WASHINGTON, AND WISCONSIN AS AMICI CURIAE IN SUPPORT OF INTERVENOR-APPELLANT.
ALVIN L. BRAGG, JR., DISTRICT ATTORNEY, NEW YORK CITY (JOHN T. HUGHES OF COUNSEL), ON BEHALF OF ALVIN BRAGG, JR., DISTRICT ATTORNEY, NEW YORK COUNTY; MELINDA KATZ, DISTRICT ATTORNEY, QUEENS COUNTY; MICHAEL E. MCMAHON, DISTRICT ATTORNEY, RICHMOND COUNTY; AND MIRIAM E. ROCAH, DISTRICT ATTORNEY, WESTCHESTER COUNTY AS AMICI CURIAE IN SUPPORT OF INTERVENOR-APPELLANT. 
ARNOLD & PORTER KAYE SCHOLER LLP, WASHINGTON, DC (ARTHUR LUK OF COUNSEL), FOR GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE AND BRADY CENTER TO PREVENT GUN VIOLENCE, AMICI CURIAE.

 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered May 5, 2023. The order dismissed the application for a temporary extreme risk protection order and final extreme risk protection order. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the application is reinstated, and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Petitioner filed an application seeking a temporary extreme risk protection order (TERPO) and final extreme risk protection order (ERPO) against respondent pursuant to CPLR article 63-A. Supreme Court issued the TERPO, and respondent was directed to surrender his weapons. Prior to a final ERPO hearing, respondent moved to vacate the TERPO and asserted that CPLR article 63-A is unconstitutional. It is undisputed that respondent did not notify the Attorney General of his challenge to the constitutionality of the statute (see CPLR 1012 [b] [1]). The court determined that article 63-A is unconstitutional, vacated the TERPO, and dismissed petitioner's application without conducting an evidentiary hearing on its merits. Intervenor Letitia James, Attorney General of the State of New York, subsequently intervened and now appeals from that order, contending that the court erred in determining that article 63-A is unconstitutional. Inasmuch as respondent failed to notify the Attorney General that he would be challenging the [*2]constitutionality of the statute, the court was prohibited from considering respondent's constitutional challenge (see CPLR 1012 [b] [3]) and, moreover, that challenge is not properly before us (see People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]; People v Crespi, 51 AD3d 1036, 1036 [2d Dept 2008]; People v Whitehead, 46 AD3d 715, 716 [2d Dept 2007], lv denied 10 NY3d 772 [2008]). We therefore reverse the order, reinstate the application, and remit the matter to Supreme Court for further proceedings thereon after additional briefing on respondent's constitutional challenge.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court