Matter of Rochester Police Dept. v Duval (2024 NY Slip Op 05682)

Matter of Rochester Police Dept. v Duval

2024 NY Slip Op 05682

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

687 CA 23-01727

[*1]IN THE MATTER OF ROCHESTER POLICE DEPARTMENT, PETITIONER-APPELLANT,
v
JARVIS DUVAL, RESPONDENT-RESPONDENT. 

PATRICK BEATH, CORPORATION COUNSEL, ROCHESTER, FOR PETITIONER-APPELLANT.

 Appeal from an order of the Supreme Court, Monroe County (Thomas E. Moran, J.), entered March 29, 2023. The order denied the application for an extreme risk protection order. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the application is reinstated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner filed an application seeking a temporary extreme risk protection order (TERPO) and final extreme risk protection order (ERPO) against respondent pursuant to the Extreme Risk Protection Act (ERPA) (see CPLR article 63-A). Supreme Court denied the TERPO, and scheduled a final ERPO hearing pursuant to CPLR 6343 (1). At the outset of the hearing, the court sua sponte raised the issue of the constitutionality of the ERPA. Petitioner then submitted its proof consisting of, inter alia, testimony from two of the officers who responded to a 14-hour long armed standoff involving respondent, as well as body camera footage. After petitioner rested, the court issued an order denying the ERPO on, inter alia, the ground that the ERPA is unconstitutional based on its reasoning in its prior decision in G.W. v C.N. (78 Misc 3d 289 [Sup Ct, Monroe County 2022], abrogated by R.M. v C.M., 226 AD3d 153 [2d Dept 2024]). Petitioner now appeals, contending that the ERPA is constitutional.
Pursuant to CPLR 1012 (b) (1), "[w]hen the constitutionality of a statute of the state . . . is involved in an action to which the state is not a party, the attorney general shall be notified and permitted to intervene in support of its constitutionality." "The court having jurisdiction in an action or proceeding in which the constitutionality of a state statute . . . is challenged shall not consider any challenge to the constitutionality of such state statute . . . unless proof of service of the notice required by this subdivision is filed with such court" (CPLR 1012 [b] [3]; see Executive Law § 71 [3]; Matter of Kesel v Holtz, 222 AD3d 1397, 1398 [4th Dept 2023]; Jefferds v Ellis, 122 AD2d 595, 595 [4th Dept 1986]). Inasmuch as there is no proof in the record that the Attorney General was provided with notice of this proceeding or an opportunity to intervene, we conclude that "the court was prohibited from considering [a] constitutional challenge . . . and, moreover, that challenge is not properly before us" (Kesel, 222 AD3d at 1398; see Jefferds, 122 AD2d at 595-596). We therefore reverse the order, reinstate the application, and remit the matter to Supreme Court for further proceedings thereon upon proof of notice to the Attorney General of the constitutional issue raised by the court and an opportunity for additional briefing.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court